UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY KNOWN AS 906 METHOW STREET, WENATCHEE, WASHINGTON, TOGETHER WITH ALL APPURTENANCES, FIXTURES, ATTACHMENTS, AND IMPROVEMENTS THERETO AND THEREUPON,<br><br>Defendant. | CASE NO. 2:24-CV-00086-MKD<br><br>CLAIMANTS MOTION TO WITHDRAW DEEMED ADMISSION TO RFA 5 and RFA 13<br><br>WITHOUT ORAL ARGUMENT<br>**August 14, 2026** |

Claimant Maria Verduzco, by and through Derek M. Smith, respectfully requests that the court grant the Claimant's motion to withdraw the deemed admission.



The Law Offices of Smith & White PLLC
Derek M. Smith & James J. White
717 Tacoma Ave. S. Suite C Tacoma, WA 98402
T. 253-203-1645 F. 844-331-1637
www.smithandwhite.com

## INTRODUCTION

> Under Rule 36(a) of the Federal Rules of Civil Procedure, if a party fails to answer a request for admissions within 30 days, the requested items are deemed admitted. Any matter thus admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Rule 36(b) provides, in pertinent part: ... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal.
>
> *Hadley v. U.S.,* 45 F.3d 1345, at 1348 (1995).

## STATEMENT OF FACTS

The Claimant, a 66 year old woman who speaks no English and does not read English, has no computer and has a fifth grade education had to respond to Plaintiff's request for production within 30 days. This required statements to be translated correctly from English to Spanish and then transmitted to Claimant. Then she would have to review them and respond in Spanish to English under penalty of perjury. The responses were due April 8, and provided April 27 unsigned, signed June 4. RFA 5 states: Admit that you were aware that Jorge Verduzco-Mendoza was selling illegal drugs between January 1, 2010, through July 1, 2022. The response was "Deny".

The other RFA at issue, RFA 13, states: Admit that prior to June 30, 2022, you knew that people were using or selling controlled substances at the Defendant Property.



The Law Offices of Smith & White PLLC
Derek M. Smith & James J. White
717 Tacoma Ave. S. Suite C Tacoma, WA 98402
T. 253-203-1645 F. 844-331-1637
www.smithandwhite.com

The answer was "Deny". This is exactly the same response as her Answer as stated in Number 28, See ECF 13, ¶28.

RESPONSE IN DETAIL

As stated above, two requirements must be met before the admission can be withdrawn. At to the first: presentation of the merits of the action must be subserved. The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. *Hadley v. U.S.*, 45 F.3d at 1348. As in *Hadley* the issue, the sole real issue in this matter, is the knowledge or lack thereof of Claimant over whether the dealing of controlled substances was occurring at her home. It cannot be credibly contested that this prong is met.

The second, whether withdraw of the admission would result in prejudice to the case, also favors withdrawal. Here, the discovery process was effectively over after the requests for admission and interrogatories and requests for production were produced. The Plaintiff did not rely on the admission to limit its case or to proceed with a different path of discovery. Here the discovery deadline for both parties was May 18, 2026. The discovery cutoff date was 70 days prior to that date. That date was March 9, 2026, the date they were served. The motion to compel discovery has come and gone.

In *Conlon v. U.S.*, 474 F.3d 616 (2007) the Court conducted this analysis:

> Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. *Id.* advisory committee note. The rule is not to be used in an effort to "harass the other side" or in the hope that a



The Law Offices of Smith & White PLLC
Derek M. Smith & James J. White
717 Tacoma Ave. S. Suite C Tacoma, WA 98402
T. 253-203-1645 F. 844-331-1637
www.smithandwhite.com

party's adversary will simply concede essential elements. *Perez v. Miami–Dade County,* 297 F.3d 1255, 1268 (11th Cir.2002). Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice. *See* Fed.R.Civ.P. 36(b) advisory committee note. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions.

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley,* 45 F.3d at 1348. The United States filed its motion for summary judgment based on the deemed admissions. In granting that motion, the district court recognized that the motion "turn[ed] on admissions made by plaintiff during discovery." By operation of the rule Conlon "admitted that neither the issuing of the warrant, his arrest or his subsequent incarceration were caused by negligent or wrongful acts or omissions of United States employees." Therefore, because upholding the deemed admissions eliminated any need for a presentation on the merits, Conlon satisfies the first prong of the test in Rule 36(b).

The party relying on the deemed admission has the burden of proving prejudice. *Id.* The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted.

*Id.* (quoting *Brook Vill. N. Assocs. V. Gen. Elec. Co.,* 686 F.2d 66, 70 (1st Cir.1982)).

In *Hadley,* 45 F.3d 1345, and *C.I.T. Corp.,* 776 F.2d 866, we addressed whether the nonmoving party would be prejudiced by a withdrawal of deemed admissions. In *Hadley,* the government served its requests after the discovery cut-off date set by the court. 45 F.3d at 1347. The answers were due by July 8, 1993, but were served a little over a month late on August 14, 1993. *Id.* Hadley filed a motion to withdraw the admissions soon thereafter. The government argued that it would be prejudiced because it had relied on the "deemed admissions" during its deposition of Hadley. *Id.* at 1349. The government had an affidavit from Hadley that corroborated the admissions and rather than "vigorous[ly] cross-examin[ing]" him, the United States limited the scope of its deposition questions to establishing that Hadley signed the affidavit and that it was true and correct. *Id.*



The Law Offices of Smith & White PLLC
Derek M. Smith & James J. White
717 Tacoma Ave. S. Suite C Tacoma, WA 98402
T. 253-203-1645 F. 844-331-1637
www.smithandwhite.com

> We rejected the government's argument against withdrawal, reasoning that "[e]ven if the affidavit had contained statements that directly corroborated the admissions, the government had the affidavit available for trial. If Hadley had denied liability at trial, the government could have cross-examined him with the affidavit itself." *Id.* (footnote omitted). Therefore, although withdrawal may have inconvenienced the government, that inconvenience did not rise to the level of prejudice that justified a denial of the motion to withdraw. *Id.*
>
> By contrast, the moving party in *C.I.T. Corp.* did not seek withdrawal until the middle of trial. 776 F.2d at 869. During the discovery period, in response to a request for admission, C.I.T. admitted that an August 2 letter constituted an agreement. *Id.* at 868–69. During trial, the district court excluded a September 23 letter because it contradicted the pre-trial admission. *Id.* at 869. In response, C.I.T. filed a motion to withdraw the admissions, which the district court denied. We affirmed. Although we recognized that there was a good argument that the withdrawal would not prejudice 999 because 999 had admitted other evidence of the agreement throughout the trial, we concluded that the district court was justified in its decision because of the timing of the motion. C.I.T. did not move for withdrawal until the middle of trial, after 999 had heavily relied on the admissions and was about to rest its case. *Id.* *Conlon v. U.S.*, 474 F.3d 622-23.

When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial. *Id.* at 623. Here, the Plaintiff did not depose Claimant or Jorge Verduzco-Mendoza. The discovery deadline passed on May 18 without a request for depositions. Plaintiff's attorney was aware on April 27 that the Claimant would be objecting to the use of her late failure to respond to admission and inquired about depositions. Plaintiff chose to go this route knowing that the Claimant would be seeking to withdraw these deemed admissions. Here, there is no prejudice suffered by the Plaintiff if the admission to RFAs 5 and 13 are withdrawn.



The Law Offices of Smith & White PLLC
Derek M. Smith & James J. White
717 Tacoma Ave. S. Suite C Tacoma, WA 98402
T. 253-203-1645 F. 844-331-1637
www.smithandwhite.com

## CONCLUSION

The Court should withdraw the deemed admission to RFA 5 and 13.

Dated 13th day of July, 2026.

Derek M. Smith WSBA #26036
Attorney for Claimant



The Law Offices of Smith & White PLLC
Derek M. Smith & James J. White
717 Tacoma Ave. S. Suite C Tacoma, WA 98402
T. 253-203-1645 F. 844-331-1637
www.smithandwhite.com

## CERTIFICATE OF SERVICE

I, Danely Mousseau Bravo, am over the age of 18, not a party involved in the case, and hereby certify that on July 13, 2026, a copy of the following documents:

- ***Claimant's Motion to Withdraw Deem Admission to RFAs***

Were electronically served to the parties below via ECF:

**Brian M. Donovan (USAWAE) | Brian.Donovan@usdoj.gov**
**Brooks, Jacob (USAWAE) Jacob.Brooks@usdoj.gov**

Danely Mousseau Bravo
Paralegal